UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND,<br>CENTRAL LABORERS' WELFARE FUND (ACTIVES & RETIREES),<br>CENTRAL LABORERS' ANNUITY FUND,<br>NORTH CENTRAL ILLINOIS LABORERS' HEALTH AND WELFARE FUND ("NC Welfare"),<br>NORTHERN ILLINOIS LABORERS' ANNUITY FUND ("NI Annuity"),<br>ILLINOIS LABORERS AND CONTRACTORS JOINT APPRENTICESHIP & TRAINING TRUST FUND,<br>MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING ("MRFFC"),<br>CONSTRUCTION INDUSTRY ADVANCEMENT FUND,<br>GREAT PLAINS LABORERS' DISTRICT COUNCIL WORKING DUES CHECK OFF FUND<br>NORTH CENTRAL LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST,<br>MARKET PROMOTION FUND,<br>MIDWEST REGION ORGANIZATION COMMITTEE,<br>and the GREAT PLAINS LABORERS' VACATION FUND,<br><br>       Plaintiffs,<br> v.<br><br>BROWN R CARTAGE COMPANY,<br>an Illinois corporation,<br><br>       Defendant. | 19-CV-07185 |

**COMPLAINT**

Plaintiffs Central Laborers' Pension Fund, *et al.* (collectively "Plaintiff Funds"), by their attorneys, complain against Defendant BROWN R CARTAGE COMPANY as follows:

**COUNT I**
against
BROWN R CARTAGE COMPANY
(*Claim under ERISA for an audit against BROWN R CARTAGE COMPANY.*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agent for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5. At all relevant times, BROWN R CARTAGE COMPANY was an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). BROWN R CARTAGE COMPANY is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. BROWN R CARTAGE COMPANY became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. Copies of signature pages of such collective bargaining agreements are attached as *Exhibit A*. BROWN R CARTAGE COMPANY has never terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), BROWN R CARTAGE COMPANY became a party to and bound by the Plaintiff Funds' trust agreements.

8. BROWN R CARTAGE COMPANY became a party to and bound by one or more participation agreements with the Plaintiff Funds. Copies of such participation agreements are attached as *Exhibit B*. BROWN R CARTAGE COMPANY has never terminated the participation agreements and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), BROWN R CARTAGE COMPANY became a party to and bound by the Plaintiff Funds' trust agreements.

10. BROWN R CARTAGE COMPANY became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11. BROWN R CARTAGE COMPANY became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. BROWN R CARTAGE COMPANY became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13. Under the terms of the collective bargaining agreements, participation agreements and trust agreements, BROWN R CARTAGE COMPANY is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, BROWN R CARTAGE COMPANY is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Pursuant to the collective bargaining agreements, participation agreements, trust agreements, and ERISA, BROWN R CARTAGE COMPANY is required to provide access to such records as are necessary for Plaintiff Funds to determine whether there has been compliance with obligations to contribute to Plaintiff Funds.

15. Upon information and belief, BROWN R CARTAGE COMPANY has failed to make some of the contributions from time to time required to be paid by it to the Plaintiff Funds

pursuant to the terms of the collective bargaining agreement, participation agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

16. BROWN R CARTAGE COMPANY has failed and refused to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

17. Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of BROWN R CARTAGE COMPANY for a period beginning August 1, 2015 through as current a date as possible.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against BROWN R CARTAGE COMPANY in favor of Plaintiffs.

B. Order BROWN R CARTAGE COMPANY to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C. Order BROWN R CARTAGE COMPANY to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order BROWN R CARTAGE COMPANY to pay auditors' fees to Plaintiffs.

E. Order BROWN R CARTAGE COMPANY to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F. Order BROWN R CARTAGE COMPANY to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

G. Grant Plaintiffs such other and further relief as may be just.

                    Respectfully submitted,
                    CENTRAL LABORERS' PENSION FUND, *et al*.

By:    /s/ *Storm A. Saponaro*
        One of their attorneys

DALEY AND GEORGES, LTD.
20 S. Clark St., Suite 400
Chicago, IL 60603-1903
(312) 726-8797

15419

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially binds said parties under the provisions of the Agreement.

SIGNED this _____ day of _____ 2015, at Rockford, Illinois.

_____  4/15/15
Glen Turpoff                     Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

_____  4-17-15
Charlie Shempf                   Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

Name: Jorge Bonilla / Brown R Cartage Co dba Traffic Solutions

Address: 1020 E. State Pkway

Address: Schaumburg, il 60173

Signature: _____

Date: 7-24-15



PLAINTIFF'S EXHIBIT A

-28-



RECEIVED JUL 30 2015

1541a

Laborers' Locals 32 & 727
Heavy/Highway Wage Addendum
Effective May 1, 2015

**Section 12. Organizational Fund.** The Employer agrees to make payments to and be bound by the Organizational Fund as listed in this Addendum per hour for each hour or portion thereof worked by an employee. Payments to the Organizational Fund shall be sent to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5850.

Section 13. Payments to the office of the aforesaid Plans and Funds shall be made by the Employer no later than the 15th day of the month following the month for which payments are required.

*Payments made to the Central Laborers' Pension Fund office, P.O. Box 1267, Jacksonville, Illinois 62651. **MAKE ONE CHECK.**

**Payments made to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5850. **MAKE ONE CHECK.**

SIGNED this _____ day of _____, 2015 at Rockford, Illinois.

**FOR THE CONTRACTORS:**

_____     4/15/15
Glen L. Turpoff                          Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

**FOR THE UNION:**

_____     4-17-15
Charlie Shempf                           Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

**CONTRACTOR:**

NAME: Jorge Bonilla / Brown R Cartage Co dba Traffic Silitare

ADDRESS: 1020 E. State Pkwy

ADDRESS: Schaumburg, IL 60173

SIGNATURE: _____

DATE: 7-24-13

LOCAL UNION NO. 32
Fortunato Salamone, Business Manager
4477 Linden Rd., Suite F
Rockford, Illinois 61109
Phone: (815) 873-8875
Fax: (815) 873-8972
lucky@local32.us

LOCAL UNION NO. 727
Ken Diehl, Business Manager
788 Bloody Gulch Road
Dixon, Illinois 61021
Phone: (815) 284-2049
Fax: (815) 284-1318
local-727@comcast.net

RECEIVED JUL 30 2015

-32-

## GREAT PLAINS LABORERS' DISTRICT COUNCIL

### AFFILIATED WITH

### LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

### AFL-CIO

### 4208 W. Partridge Way, Unit #2, Peoria, IL 61615

### MEMORANDUM OF AGREEMENT

THIS AGREEMENT is entered into by and between the undersigned, herein called the "EMPLOYER" and the GREAT PLAINS LABORERS' DISTRICT COUNCIL, herein called the "UNION", representing and encompassing Local Unions Nos. 32, 43, 165, 177, 231, 309, 353, 362, 393, 538, 620, 727, 751, 996, and 1140 together with any other locals which may come within the jurisdiction of the UNION.

1. The EMPLOYER hereby recognizes the UNION as the sole and exclusive bargaining representative for all laborers employed by the EMPLOYER in the geographical areas encompassed by the above listed local unions with respect to rates of pay, wages, hours of employment, and other terms and conditions of employment.

2. The EMPLOYER herein adopts all of those Collective Bargaining Agreements between the UNION and the NORTHERN ILLINOIS BUILDING CONTRACTORS ASSOCIATION, NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, ILLINOIS VALLEY CONTRACTORS ASSOCIATION, WESTERN ILLINOIS CONTRACTORS ASSOCIATION, GREATER PEORIA CONTRACTORS AND SUPPLIERS ASSOCIATION, INC., BUILDERS ASSOCIATION OF TAZEWELL COUNTY, INC., HIGHWAY AND HEAVY CONSTRUCTION CONTRACTORS ASSOCIATION OF TAZEWELL AND FULTON COUNTIES, QUAD-CITY BUILDERS ASSOCIATION, INC., THE ASSOCIATED CONTRACTORS OF THE QUAD CITIES, THE ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS, CENTRAL ILLINOIS BUILDERS OF A.G.C., McLEAN COUNTY CONTRACTORS GROUP, KANKAKEE AREA CONTRACTORS ASSOCIATION, INC., HEAVY HIGHWAY CONTRACTORS ASSOCIATION, AGC OF IOWA, and all other employer associations with whom the UNION or any of its affiliated locals has a duly negotiated and executed bargaining agreement, and adopts all such agreements together with all amendments thereto.

3. The EMPLOYER agrees that where work is performed in the jurisdiction of any of the above listed locals, the EMPLOYER will be bound by the terms and conditions of the Collective Bargaining Agreement then in effect within that jurisdictional area. In the event that there is a conflict between this Agreement and the agreement of any local union in which the EMPLOYER may be performing work, the EMPLOYER agrees that the prevailing local agreement shall supersede this Agreement so far as it respects rates of pay, wages, hours of employment and other terms and conditions of employment. Nothing herein shall be construed as limiting the jurisdiction of the UNION and the EMPLOYER specifically agrees that such jurisdiction is continuous with that of the aforementioned locals.

4. The EMPLOYER agrees to pay the amounts which the EMPLOYER is bound to pay under the Collective Bargaining Agreements to the CENTRAL LABORERS' PENSION FUND, to the NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND, to the ILLINOIS LABORERS' AND CONTRACTORS' TRAINING TRUST FUND, to the LABORERS' LOCAL 231 HEALTH AND WELFARE FUND, to the LABORERS' LOCAL 231 PENSION FUND, to the NORTHERN ILLINOIS AND IOWA LABORERS' HEALTH AND WELFARE TRUST, to the CENTRAL LABORERS' ANNUITY FUND, to the NORTHERN ILLINOIS ANNUITY FUND, to the GREAT PLAINS LABORERS' ANNUITY FUND, to the

rs419    #168

the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorney's fees and such other reasonable costs and charges as may be assessed by the Funds pursuant to the Trust Agreements and the applicable policies adopted by the Funds, including the cost of any and all payroll examinations. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions and other payments are due are subject to assessment of liquidated damages in the amount of 10% of the contributions and other payments or $25.00 minimum per remittance, to defray the increased administrative costs resulting from late payments.

10. **Designated Trustees.** The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the governing bodies of the Funds pursuant to the Trust Agreements as heretofore and/or hereafter amended.

11. **Tax Status.** It is agreed that the Funds which accept contributions that are a deduction for income tax purposes shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

12. **Copies of CBA's.** The Employer and/or Local Union/District Council agrees that it shall, upon request of the Funds, provide a signed copy of all CBA's to the Funds to which the Employer is a signatory.

13. **Effective Date.** Unless otherwise specifically agreed to by the Employer and Funds, this Agreement shall remain in effect until terminated. This Agreement shall be terminated in the same manner and subject to the same requirements as each CBA incorporated herein; however, in order for termination of this Agreement to coincide with termination of any CBA incorporated herein, the Employer must timely provide a separate written notice of termination to the Funds that satisfies the requirements of the applicable CBA. This Agreement will be deemed terminated, in toto, when a timely required notice has been provided by the Employer with respect to each CBA incorporated herein and the term of each CBA incorporated herein has expired without the CBA being renewed or otherwise extended.

14. **Necessary Authority.** The Employer and the Employer's agent signing on behalf of the Employer represent and warrant that: (a) the Employer's agent identified below has full power and authority to execute and deliver this Agreement; (b) this Agreement has been duly authorized, executed and delivered on behalf of the Employer; and (c) this Agreement constitutes a legal, valid and binding obligation of the parties hereto which is enforceable against the parties in accordance with its terms.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND. TO THE EXTENT THERE EXISTS ANY CONFLICT BETWEEN PROVISIONS OF THIS PARTICIPATION AGREEMENT AND ANY PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT, THE PARTICIPATION AGREEMENT SHALL CONTROL.

**EMPLOYER**
Name of Business: Brown R Cartage Co dba Traffic Solutions
Address: 1020 E. State Pkwy
City/State/Zip Code: Schaumburg IL 60173
Telephone: 847 841 6639
Authorized Signature: [signature]
Title: President
Date: 7-24-15

**CENTRAL LABORERS' FUNDS**
Authorized Signature: [signature]
Title: Executive Director

**LOCAL UNION**
Territory in which Agreement signed: Local 727
Authorized Signature: Ken Diehl
Title: Business Manager
Date: July 24, 2015

RECEIVED JUL 30 2015

Revised January ____ 2015.

PLAINTIFF'S EXHIBIT B